FILED
CLERK, U.S. DISTRICT COURT
03/20/17
CENTRAL DISTRICT OF CALIFORNIA
BY: ___GR___ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENA PEERY,<br><br>  Plaintiff,<br><br>  v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>  Defendant. | Case No. CV 16-01203-RAO<br><br>**MEMORANDUM OPINION AND ORDER** |

## I. INTRODUCTION

Plaintiff Rena Peery ("Plaintiff") challenges the Commissioner's denial of her application for supplemental security income benefits ("SSI"). For the reasons stated below, the decision of the Commissioner is AFFIRMED.

## II. PROCEEDINGS BELOW

On November 13, 2012, Plaintiff protectively applied for supplemental security income ("SSI") under Title XVI of the Social Security Act (the "Act"). In her application, Plaintiff alleged disability beginning on January 10, 1995. (AR 13, 164.) Plaintiff's claims were initially denied on May 6, 2013, and upon reconsideration on October 31, 2013. (*Id.* at 13, 88-92, 94-99.) Plaintiff then filed

a written request for a hearing. A hearing was held on December 9, 2014, in San Bernardino, California, at which Plaintiff testified. (*Id*. 13, 26-62.) An impartial vocational expert ("VE") also testified at the hearing. (*Id*.) On January 27, 2015, the ALJ found that Plaintiff had not been under a disability, pursuant to the Social Security Act,[1] from November 13, 2012, through the date of the decision. (*Id.* at 22.) The ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. (*Id.* at 1-6.) Plaintiff filed this action on June 8, 2016. (Dkt. No. 1.)

The ALJ followed a five-step sequential evaluation process to assess whether Plaintiff was disabled under the Social Security Act. *Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995). At **step one**, the ALJ found that Plaintiff had not engaged in substantial gainful activity since November 13, 2012, the application date. (AR 15.) At **step two**, the ALJ found that Plaintiff had the severe impairments of spinal disorder, chronic pulmonary insufficiency, recurrent arrhythmias, headaches, and a gastric disorder. (*Id.*) At **step three**, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (*Id.* at 16.)

Before proceeding to step four, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to:

> [P]erform light work as defined in 20 CFR 416.967(b). Specifically, she can lift and/or carry 20 pounds occasionally and 10 pounds frequently; she can push and/or pull within those weight limits; she can stand and/or walk six hours in an eight-hour day; she can sit six hours in an eight-hour day; she is limited to frequent handling and fingering with the bilateral upper extremities; she must avoid

---

[1] Persons are "disabled" for purposes of receiving Social Security benefits if they are unable to engage in any substantial gainful activity owing to a physical or mental impairment expected to result in death, or which has lasted or is expected to last for a continuous period of at least 12 months. 42 U.S.C. § 423(d)(1)(A).

concentrated exposure to extreme cold and extreme heat; she must avoid concentrated exposure to respiratory irritants, such [as] fumes dusts, odors, gases, or poor ventilation; and she must avoid concentrated exposure to work place hazards, such as unprotected heights, operating fast or dangerous machinery, or driving commercial vehicles. In addition, due to her level of education and her complaints of chronic pain and headaches, she is limited to non-complex tasks and routine work that is not fast-paced and does not require hypervigilance.

(*Id.* at 16.)

At **step four**, the ALJ found that Plaintiff has no past relevant work. (AR 20.) At **step five**, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (*Id.* at 23.) Accordingly, the ALJ found that Plaintiff "has not been under a disability . . . since November 13, 2012, the date the application was filed." (*Id.* at 23-24.)

### III.  STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. A court must affirm an ALJ's findings of fact if they are supported by substantial evidence, and if the proper legal standards were applied. *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001). "'Substantial evidence' means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *Lingenfelter v. Astrue,* 504 F.3d 1028, 1035 (9th Cir. 2007) (citing *Robbins v. Soc. Sec. Admin.,* 466 F.3d 880, 882 (9th Cir. 2006)). An ALJ can satisfy the substantial evidence requirement "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citation omitted).

"[T]he Commissioner's decision cannot be affirmed simply by isolating a specific quantum of supporting evidence. Rather, a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the Secretary's conclusion." *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir.

2001) (citations and internal quotations omitted). "'Where evidence is susceptible to more than one rational interpretation,' the ALJ's decision should be upheld." *Ryan v. Comm'r of Soc. Sec.,* 528 F.3d 1194, 1198 (9th Cir. 2008) (citing *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)); *see also Robbins,* 466 F.3d at 882 ("If the evidence can support either affirming or reversing the ALJ's conclusion, we may not substitute our judgment for that of the ALJ."). The Court may review only "the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (citing *Connett v. Barnhart,* 340 F.3d 871, 874 (9th Cir. 2003)).

## IV. **DISCUSSION**

Plaintiff raises two issues in her appeal: (1) whether the ALJ's RFC assessment is supported by substantial evidence; and (2) whether the ALJ properly considered Plaintiff's subjective complaints and properly assessed her credibility.

### A. **ALJ's RFC Assessment**

Plaintiff argues that the ALJ "either ignored and/or mischaracterized" evidence regarding postural and environmental limitations, evidence which (Plaintiff contends) would support a significantly more limited RFC than that found by the ALJ in her decision. (Joint Stip. at 4-6.) The Commissioner contends that Plaintiff has failed to preserve the issue on appeal and, alternatively, any error was harmless. (*Id*. at 7-8.)

#### 1. **Evidence Regarding Postural and Environmental Limitations**

Dr. Concepcion Enriquez, a consultative examiner, examined Plaintiff in April 2013 and assessed, *inter alia*, the following postural and environmental limitations: "The patient should avoid exposure to extreme temperatures, dust, chemicals and fumes. The patient should avoid unprotected heights and operation of dangerous machines. The patient can still do frequent bending, stooping, and twisting." (AR 238.)

///

Dr. J. Hartman, a state agency reviewing physician, assessed postural limitations restricting Plaintiff to occasional climbing of ramps, stairs, ladders, ropes, scaffolds and to frequent balancing, stooping, kneeling, crouching, and crawling.  (AR 69.)  Dr. Hartman also assessed environmental limitations, including among others, "avoid[ing] even moderate exposure" to "fumes, odors, dusts, gases, poor ventilation, etc."  (AR 70.)

Dr. D. Rose, another state agency reviewing physician, also assessed postural limitations of occasional climbing ramps, stairs, ladders, ropes, scaffolds; occasional kneeling, crouching and crawling; and frequent balancing and stooping.  (AR 81.)  With respect to environmental limitations, Dr. Rose opined that Plaintiff should "avoid concentrated exposure" to "fumes, odors, dusts, gases, poor ventilation, etc."  (AR 82.)

**2.  Discussion**

An ALJ is obligated to consider medical opinions of record, resolve conflicts, and analyze evidence.  *Magallanes v. Bowen,* 881 F.2d 747, 750 (9th Cir. 1989); 20 C.F.R. § 404.1527(c).

Plaintiff is correct that the ALJ did not mention the medical opinions described above in her decision.  "Where an ALJ does not explicitly reject a medical opinion or set forth specific, legitimate reasons for crediting one medical opinion over another, he errs."  *Garrison v. Colvin,* 759 F.3d 995, 1012-13 (9th Cir. 2014) (internal citation omitted); *see also Lingenfelter*, 504 F.3d at 1038 n.10 (an ALJ may not "avoid the [ ] requirements" of providing specific and legitimate reasons for rejecting a doctor's opinion "simply by not mentioning the treating physician's opinion.")

The Commissioner argues that Plaintiff has failed to preserve this issue on appeal because Plaintiff, who was represented by counsel at the administrative proceedings, did not object to the hypothetical questions posed to the VE by the ALJ.  Alternatively, the Commissioner argues harmless error.  With respect to its

waiver argument, the Commissioner cites generally to *Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir. 1999), but otherwise does not develop this argument.[2] Because the Court finds any error harmless, it does not resolve the issue of waiver.

Based on the hypothetical questions posed, the VE opined that the hypothetical individual with Plaintiff's education and limitations could perform jobs such as battery inspector, cashier, and small products assembler. (AR 60.) The Commissioner argues that the *Dictionary of Occupational Titles* (DOT) descriptions for the three jobs identified by the VE do not require postural movements or exposure to environmental conditions. (Joint Stip. at 8.) The Court's review of the DOT job descriptions for the three jobs specified by the VE confirms that these jobs do not implicate the postural or environmental limitations Plaintiff contends should have been included in her RFC. *See* DICOT 727.687-066 (battery inspector), 211.462-010 (cashier II), 706.684-022 (small products assembler). "From this it follows that the [VE's] answer to the hypothetical question would not have been different" even if the postural and environmental limitations "had been included as a part of the question." *McGarrah v. Colvin*, 650 F. App'x 480 (9th Cir. 2016). Plaintiff supplies no argument in opposition to the Commissioner's harmless error doctrine.

///

///

---

[2] In addition to *Meanel*, the Commissioner cites to *Gutierrez v. Colvin*, 740 F.3d 519, 527 (9th Cir. 2014), in support of its waiver argument. Neither the Ninth Circuit nor the district court in *Gutierrez* addressed the issue of waiver in their respective decisions, but instead resolved claimant's claim on the merits. While the appellate court noted "that Gutierrez did not challenge the VE's testimony regarding the number of jobs available to him in California" and "did not explore with the VE where those jobs were in relation to his domicile," the Ninth Circuit did not, in fact, discuss the issue of waiver. Similarly, the district court's order denying Gutierrez's appeal did not discuss the issue of waiver, but instead addressed Gutierrez's claim on the merits. Accordingly, the Court finds the Ninth Circuit's decision in *Gutierrez* is inapposite.

6

Accordingly, because the alleged mistake in the ALJ's RFC assessment does not "negate the validity of the ALJ's ultimate conclusion," any error was harmless. *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012).

### B. ALJ's Evaluation of Plaintiff's Testimony and Credibility Findings

Plaintiff argues that the ALJ's findings failed to provide legitimate reasons for rejecting Plaintiff's consistent complaints of disabling headaches. (Joint Stip. at 9-11.) The Commissioner argues that the ALJ's reasons are supported by substantial evidence. (*Id*. at 12-14.)

#### 1. Plaintiff's Testimony Regarding Headaches

At the administrative hearing, Plaintiff testified regarding the problems she had with headaches. (AR 45-47.) She described that she had headaches two or three times per week, each lasting no more than an hour. (AR 46). Plaintiff testified that she is nauseated and vomiting during these episodes and that the headaches affect her vision. (Id.) Plaintiff described seeking treatment at emergency rooms for her headaches. Plaintiff also stated that she takes Maxalt (10 mg) to treat the headaches and that the medication sometimes helps the headaches go away and, at a minimum, helps keep the headaches to under an hour in duration. (AR 46-47.)

#### 2. Applicable Legal Standards

"In assessing the credibility of a claimant's testimony regarding subjective pain or the intensity of symptoms, the ALJ engages in a two-step analysis." *Molina*, 674 F.3d at 1112 (citing *Vasquez v. Astrue*, 572, F.3d 586, 591 (9th Cir. 2009)). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1102 (2014) (quoting *Lingenfelter*, 504 F.3d at 1036) (internal quotation marks omitted). If so, and if the ALJ does not find evidence of malingering, the ALJ must provide specific, clear and convincing

reasons for rejecting a claimant's testimony regarding the severity of his symptoms. *Id.* The ALJ must identify what testimony was found not credible and explain what evidence undermines that testimony. *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001). "General findings are insufficient." *Lester*, 81 F.3d at 834.

**3. Discussion**

"After careful consideration of the evidence," the ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms;" but found that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision." (AR 17.) The ALJ relied on the following reasons: (1) lack of supporting objective evidence; (2) conservative treatment; and (3) inconsistent statements. (*Id*. at 17, 19.) No malingering allegation was made, and therefore, the ALJ's reasons must be "clear and convincing."

**a. Conservative Treatment**

In her decision, the ALJ discounted Plaintiff's credibility because "the treatment notes documented minimal findings and conservative treatment only." (AR 17.) An ALJ may discount a claimant's credibility based on routine and conservative treatment. *See Parra v. Astrue*, 481 F.3d 742, 750-51 (9th Cir. 2007) (evidence of conservative treatment is sufficient to discount a claimant's testimony regarding severity of an impairment); *see also Meanel*, 172 F.3d at 1114 (rejecting plaintiff's complaint "that she experienced pain approaching the highest level imaginable" as "inconsistent with the 'minimal, conservative treatment' that she received").

In her testimony, Plaintiff testified that her headaches were treated with Maxalt and, while she still gets headaches, she indicated that the Maxalt has been successful in helping reduce the length of the headaches and helps prevent the onset of the headache. The medical records reflect that Plaintiff was given Zofran to help

with nausea and vomiting during a November 2013 emergency room visit caused by Plaintiff's headache. (AR 19, 478.) According to Plaintiff's own testimony, the headache medication helps to control the severity of the headaches she experiences. *See Warre v. Comm'r, Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) (stating that "[i]mpairments that can be controlled effectively with medication are not disabling for purposes of determining eligibility for SSI benefits.").

Based on the record as a whole, substantial evidence supports the ALJ's determination that Plaintiff's treatment was conservative. *Simmons v. Colvin*, 2014 WL 2215863, at *5 (C.D. Cal. May 29, 2014) (affirming ALJ's conservative treatment finding where plaintiff took, at various times, no medication, Tylenol Extra Strength, prescription-strength Tylenol, and ibuprofen 800 mg and Gabapentin 300 mg, which took away some of the pain, and used Icy-Hot); *Cusimano v. Astrue*, 2013 WL 178148, at *16 (N.D. Cal. Jan. 16, 2013) ("Plaintiff . . . received conservative pain treatment, . . . [including] prescriptions for Tylenol, Motrin, acetaminophen, and ibuprofen."). Furthermore, Plaintiff received no specialized treatment for her headaches and did not seek a specialist regarding this medical issue. *See Davis v. Colvin*, 2015 WL 5255353, at *11 (E.D. Cal. Sept. 9, 2015) (affirming ALJ's conservative treatment finding where plaintiff had not been referred to a pain specialist, or received specialized treatment to alleviate his pain, and where the record lacked evidence that surgery or any other aggressive treatment had been recommended).

The Court finds that this is a clear and convincing reason, supported by substantial evidence, for discounting Plaintiff's credibility.

### b. Lack of Supporting Objective Evidence

The ALJ also discounted Plaintiff's credibility because her "allegations are greater than expected in light of the objective evidence of record." (AR 17.)

The ALJ noted that Plaintiff's "treatment records mainly documented emergency room visits for exacerbations of her conditions." (AR 17.) The ALJ

found that the treatment notes "documented minimal findings and conservative treatment only." (AR 17.) The Court's review of the administrative record reveals that the ALJ fairly summarized the objective evidence regarding Plaintiff's headaches and her treatment for them. In light of the objective evidence in the record, the Court finds that the ALJ's determination is supported by substantial evidence.

The Court finds that this is a clear and convincing reason, supported by substantial evidence, for discounting Plaintiff's credibility.

### c. Plaintiff's Inconsistent Statements Regarding Drug Use

Finally, the ALJ found that the Plaintiff's inconsistent statements regarding her drug use "diminish[ed] the claimant's overall credibility." (AR 17.) Specifically, the ALJ observed that Plaintiff testified that her last use of methamphetamines was "a couple of years prior to the hearing date [in December 2014], but laboratory testing performed on October 23, 2013, was positive for amphetamines . . . . (AR 17.) Inconsistent statements in a claimant's testimony, and between a claimant's testimony and her conduct can be specific reasons not to find the claimant credible. *Rusten v. Commissioner of Social Sec. Admin.*, 468 F. App'x 717, 719 (9th Cir. 2012) ("Inconsistent or dishonest statements about drug use can be used to infer a lack of veracity in the claimant's other assertions." (citation omitted)). The evidence of Plaintiff's inconsistent statement regarding her drug use compared to the evidence in the record supports the ALJ's negative conclusions regarding Plaintiff's credibility. *See Verduzco v. Apfel*, 188 F.3d 1087, 1090 (9th Cir. 1999) (relying on inconsistent statements about alcohol use to reject claimant's testimony); *see also Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (claimant's inconsistent statements regarding alcohol and drug use supported ALJ's inference "that this lack of candor carries over to her description of physical pain.")

///

The Court finds that this is a clear and convincing reason, supported by substantial evidence, for discounting Plaintiff's credibility.

## V. CONCLUSION

IT IS ORDERED that Judgment shall be entered AFFIRMING the decision of the Commissioner denying benefits.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment on counsel for both parties.

DATED: March 20, 2017

/s/ Rozella A. Oliver
ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

**THIS DECISION IS NOT INTENDED FOR PUBLICATION IN WESTLAW, LEXIS/NEXIS, OR ANY OTHER LEGAL DATABASE.**